IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John E. Colwell, #184047,<br>a/k/a John Edward Colwell,<br><br>                    Petitioner,<br><br>vs.<br><br>Warden, Broad River Correctional Int.,<br><br>                    Respondent.<br>_____ | C/A No. 0:10-1100-HMH-PJG<br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

The petitioner, John E. Colwell ("Petitioner"), a self-represented state prisoner, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner is an inmate at Broad River Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. In this action, Petitioner seeks to vacate his 2003 state court convictions for armed robbery and possession of a firearm during commission of a crime of violence.

## *PRO SE* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the procedural provisions of 28 U.S.C. § 1915, the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). This court is charged with screening the

petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; see also Rule 1(b) of Rules Governing § 2254, 28 U.S.C. foll. § 2254 (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**BACKGROUND**

Petitioner alleges that a jury in the Sumter County Court of General Sessions convicted him on January 16, 2003, of armed robbery and possession of a firearm during commission of a crime of violence. He alleges that he received a sentence of life imprisonment without parole plus five years concurrent. Petitioner alleges that he appealed to the South Carolina Court of Appeals and that the court dismissed his direct appeal on June 18, 2004. Petitioner alleges that he filed a post conviction relief ("PCR") action in the Court of Common Pleas in 2004, and his action was denied on July 13, 2006. Petitioner alleges that he appealed to the South Carolina Supreme Court and that the court dismissed his PCR appeal on February 8, 2008.

On May 8, 2008, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2254 in this court. See Colwell v. Warden, C/A No. 9:08-1828-HMH-PJG.[1] On June 18, 2009, this court granted summary judgment to the respondent and dismissed the habeas petition based in part on procedural default due to Petitioner's failure to file a Rule 59(e) motion in state court requesting that the PCR court make specific findings on all claims raised in his PCR application. (Id., Docket Entry 48 at 7.) This court notified Petitioner of his right to appeal within thirty days. It appears that Petitioner did not file an appeal in his § 2254 case. On May 3, 2010, Petitioner filed a completed § 2254 habeas form with the case number "9:08-CV-01828-HMH-BM" listed on the front of the form, and he filed a "motion for new trial upon newly discovered evidence 15-27-130 or 60(B)" whereupon he listed the

---

[1] It is appropriate for this court to take judicial notice of the petitioner's prior cases. See Aloe Creme Lab., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that the District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

case number "9:08-CV-0182-HMH."  The Office of the Clerk of Court considered Petitioner's pleadings as a new habeas case, and it opened this new civil action pursuant to 28 U.S.C. § 2254.  The action *sub judice* appears to request that this court reopen his prior § 2254 case to decide the issues on the merits.  Petitioner relies on a recent published opinion by the United States Court of Appeals for the Fourth Circuit, Bostick v. Stevenson, 589 F.3d 160 (4th Cir. Dec. 17, 2009) (reversing district court's summary judgment to the warden on the ground that federal habeas claim was procedurally defaulted), wherein the Fourth Circuit found that Rule 59(e) was not consistently applied by the South Carolina state courts at the time of the petitioner's PCR proceedings.  In this case, Petitioner appears to argue that on July 13, 2006 (the alleged date his PCR action was denied by the state circuit court), Rule 59(e) was not consistently applied in the South Carolina courts, and therefore this court in 08-1828 should not have denied some of his grounds for relief based upon procedural default.

## DISCUSSION

This action should be dismissed because it is successive to Petitioner's first § 2254 action, and it appears that Petitioner has not received permission from the Court of Appeals for the Fourth Circuit to file this action in this district court.  "Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post conviction relief from judgments of conviction entered in federal and state courts.  Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted).  On April 24, 1996, the President signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which, in part, amended Chapter 153.

> The AEDPA effected a number of substantial changes regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. See Felker v. Turpin, 518 U.S. 651, [657] (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.

In re Vial, 115 F.3d at 1194 (footnote omitted).

The "gatekeeping" mechanism created by the AEDPA amended § 2244(b) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b). § 2244(b)(3)(C); see §§ 2244(b)(3)(B), (D).

Felker v. Turpin, 518 U.S. 651, 657 (1996).

Thus, for this court to consider a second or successive § 2254 petition, Petitioner must obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3). See In re: Williams, 330 F. 3d 277 (4th Cir. 2003); In re: Fowlkes, 326 F. 3d 542 (4th Cir. 2003). Petitioner can obtain the necessary forms from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit.[2] Because it appears that Petitioner did not obtain authorization from the Fourth Circuit to file the within petition in the district court, this court does not have jurisdiction to consider it. Cf. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003); In re Williams, 444 F.3d 233, 237 (4th Cir. 2006).

---

[2] Patricia S. Conner, Clerk, U.S. Court of Appeals for the Fourth Circuit, 1100 East Main Street, Suite 501, Richmond, VA, 23219-3517.

Moreover, even if Petitioner's pleadings should have been docketed in Civil Action No. 9:08-1828-HMH-PJG as a Rule 60(b) motion to relieve Petitioner from the final judgment, Petitioner could not obtain relief through this action. A Rule 60(b) motion cannot be filed as a substitute for a timely and proper appeal. See Wadley v. Equifax Info. Servs., 296 Fed. Appx. 366, 2008 WL 4542842 (4th Cir. Oct. 9, 2008). Also, a change in decisional law on which a district court based its decision is not a sufficient ground for Rule 60(b) relief. Id.; see also Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (a decisional change in the law subsequent to issuance of a final judgment is not a sufficient reason to set aside a judgment under Rule 60(b)).

## RECOMMENDATION

Accordingly, the court recommends that Petitioner's "motion for new trial" (Docket Entry 3) be denied without prejudice and that the above-captioned case be dismissed without prejudice and without requiring the respondent to file a return. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006) (noting that district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent); the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214.

                                                        _____
                                                        Paige J. Gossett
                                                        UNITED STATES MAGISTRATE JUDGE

May 24, 2010
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).