IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| John E. Colwell, #184047, a/k/a John Edward Colwell, | ) ) ) |
| Petitioner, | ) ) C.A. No. 0:10-1100-HMH-PJG |
| vs. | ) ) **OPINION & ORDER** |
| Warden, Broad River Correctional Int., | ) ) ) |
| Respondent. | ) |

  This matter is before the court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] John E. Colwell ("Colwell") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In her Report and Recommendation, Magistrate Judge Gossett recommends dismissing this case without prejudice and without requiring the Respondent to file a return and denying without prejudice Colwell's "motion for new trial."

  Colwell filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

1984). In the absence of <u>specific</u> objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Colwell's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Colwell argues that this petition should have been filed in his previous case, <u>Colwell v. Warden</u>, C/A No. 9:08-1828-HMH-PJG, as an amendment to his previously filed petition, in which the court granted summary judgment to the Respondent and dismissed the habeas petition based in part on procedural default due to Colwell's failure to file a Rule 59(e) motion in state court requesting that the PCR court make specific findings on all claims raised in his PCR application. Colwell did not appeal the dismissal of C/A No. 9:08-1828-HMH-PJG.

The magistrate judge recommends dismissing the instant petition as successive. Colwell argues that a recent Fourth Circuit decision, <u>Bostick v. Stevenson</u>, 589 F.3d 160, 164 (4th Cir. 2009), permits the court to amend his previously dismissed petition. In <u>Bostick</u>, the Fourth Circuit reversed a district court's grant of summary judgment to the respondent on the ground that the federal habeas claim was procedurally defaulted because Rule 59(e) was not consistently applied by the South Carolina state courts at the time of the petitioner's PCR proceedings. <u>Id.</u>

As the magistrate judge noted, even if Colwell's petition should have been filed in C/A No. 9:08-1828-HMH-PJG as a Rule 60(b) motion, Colwell is not entitled to relief. "It is a well settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal." <u>Dowell v. State Farm Fire & Cas. Auto. Ins. Co.</u>, 993

2

F.2d 46, 48 (4th Cir. 1993). Further, a subsequent change in the law is not a sufficient ground for Rule 60(b) relief. Id. (a decisional change in the law subsequent to issuance of a final judgment is not a sufficient reason to set aside a judgment under Rule 60(b)); Wadley v. Equifax Info. Servs., No. 07-2046, 2008 WL 4542842, at *2 (4th Cir. Oct. 9, 2008) (change in decisional law not "extraordinary circumstances" supporting entitlement to relief pursuant to Rule 60(b)(6)) (unpublished). Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Gossett's Report and Recommendation.

It is therefore

**ORDERED** that this case is dismissed without prejudice and without requiring the Respondent to file a return. It is further

**ORDERED** that Colwell's "motion for new trial," docket number 3, is denied without prejudice. It is further

**ORDERED** that a certificate of appealability is denied because Colwell has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                s/Henry M. Herlong, Jr.
                                                Senior United States District Judge

Greenville, South Carolina
June 11, 2010

**NOTICE OF RIGHT TO APPEAL**

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.